UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERTO CRUZ-RIVERA, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-cv-00404-TWP-MPB ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**ORDER DENYING AMENDED MOTION FOR RELIEF UNDER 28 U.S.C.
§ 2255 AND DISMISSING ACTION WITHOUT PREJUDICE**

Petitioner Roberto Cruz-Rivera ("Cruz-Rivera") was found guilty by the Court following a bench trial, of Count One: Failing to Register as a Sex Offender, and he is serving a 41-month prison sentence. *United States v. Cruz-Rivera*, No. 1:21-cr-00160-TWP-DLP-1, dkt. 302. In September 2022, Mr. Cruz-Rivera filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *Cruz-Rivera v. United States*, No. 1:22-cv-01936-TWP-KMB, dkt. 1. The Court dismissed that action without prejudice on January 24, 2023, because Mr. Cruz-Rivera was pursuing a direct appeal, which was still pending:

> Absent extraordinary circumstances, district courts should not entertain § 2255 motions while a direct appeal is pending because the disposition of the appeal may render the § 2255 motion moot. *United States v. Jenkins*, 750 F. App'x 486, 487 (7th Cir. 2019) (emphasis added) (citing *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)). Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial recourses," and is left to the district court's discretion. *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). As the petitioner's appeal does not present such extraordinary circumstances, the Court will not consider his § 2255 motion at this time.

*Id.*, dkt. 11 at 1.

Rather than wait for his appeal to resolve, Mr. Cruz-Rivera filed *another* § 2255 motion, which he has since amended. *See* dkts 1, 3. Mr. Cruz-Rivera acknowledges in his § 2255 motion

that his direct appeal remains pending, but he asserts that extraordinary circumstances require this Court to proceed with his § 2255 motion simultaneously. Specifically, he contends that his appellate attorney failed to raise numerous grounds for appeal that he believes will win him relief. *See* dkt. 3 at ¶¶ 14–38. Indeed, ineffective assistance by appellate counsel appears to be Mr. Cruz-Rivera's primary basis for relief in his amended § 2255 motion. *Id.* at ¶¶ 43–58.

In *Robinson*, the Seventh Circuit clarified that it has "never held that the preferred method of bringing an ineffective assistance of counsel claim is to file a § 2255 motion *during the pendency of a direct appeal*." 8 F.3d at 405 (emphasis in original). That path seems especially imprudent where, as here, the § 2255 alleges ineffective assistance *of appellate counsel*. In fact, the Court cannot possibly assess an ineffective assistance claim based on a representation that remains ongoing. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court cannot review all the circumstances underlying counsel's assistance while counsel is still rendering that assistance. Additionally, a petitioner asserting ineffective assistance "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. It goes without saying that this Court cannot undertake this analysis before knowing the *actual* outcome of the proceeding.

At this moment, it is plain that Mr. Cruz-Rivera is not entitled to § 2255 relief and cannot be so entitled until his direct appeal is resolved. Therefore, the amended § 2255 motion, dkt. [3], is **denied**.

This action is **dismissed without prejudice**. Mr. Cruz-Rivera may present a new § 2255 motion after the Seventh Circuit rules on his pending appeal. The **clerk is directed** to enter **final**

**judgment**, docket a copy of this order in the criminal case (*United States v. Cruz-Rivera*, No. 1:21-cr-00160-TWP-DLP-1), and **terminate** the pending § 2255 motion in that case, dkt. [397].

    **IT IS SO ORDERED.**

Date: 3/29/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERTO CRUZ-RIVERA
791294
COLEMAN - MEDIUM FCI
COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1032
COLEMAN, FL 33521